[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10793
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00513-JDW-CPT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD LEE BLACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 7, 2020)

Before WILLIAM PRYOR, JILL PRYOR and MARCUS, Circuit Judges.

PER CURIAM:

Reginald Black appeals from his convictions for conspiracy to commit credit

card fraud, credit card fraud, and aggravated identity theft.  On appeal, Black argues

that the district court erred in denying his motion to suppress evidence obtained, in

part, from a car he was borrowing during a public warrantless arrest. After thorough review, we affirm.

We review the denial of a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error, and its application of the law to those facts de novo. United States v. Smith, 459 F.3d 1279, 1290 (11th Cir. 2006). When considering a ruling on a motion to suppress, we construe all facts in the light most favorable to the prevailing party below. Id. at 1290.

The Fourth Amendment prohibits law enforcement from conducting "unreasonable searches and seizures." U.S. Const. amend. IV. It also provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Id. A "search or seizure carried out on a suspect's premises without a warrant is per se unreasonable" unless justified by exigent circumstances. Coolidge v. New Hampshire, 403 U.S. 443, 474-75 (1971). However, the Fourth Amendment permits a warrantless arrest in a public place, without exigent circumstances, if law enforcement officers have probable cause to believe that a felony has occurred. Florida v. White, 526 U.S. 559, 565 (1999); United States v. Watson, 423 U.S. 411, 423-34 (1976).

Officers have probable cause to arrest when the facts and circumstances within their collective knowledge, or of which they have reasonably trustworthy

information, "are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed." United States v. Blasco, 702 F.2d 1315, 1324 (11th Cir. 1983). A court may examine the collective knowledge of the officers if they "maintained at least a minimal level of communication during their investigation." United States v. Willis, 759 F.2d 1486, 1494 (11th Cir. 1985). In Watson, the Supreme Court noted that "[l]aw enforcement officers may find it wise to seek arrest warrants where practicable to do so, and their judgments about probable cause may be more readily accepted where backed by a warrant issued by a magistrate . . . ," but it declined to turn a "judicial preference into a constitutional rule." 423 U.S. at 423.

To have standing to challenge a search or seizure under the Fourth Amendment, one must manifest an objectively reasonable expectation of privacy in the invaded area. United States v. Cooper, 133 F.3d 1394, 1398 (11th Cir. 1998). The proponent of a motion to suppress has the burden to allege, and if the allegations are disputed, to prove, that his own Fourth Amendment rights were violated by the challenged search or seizure. United States v. Bachner, 706 F.2d 1121, 1125 & n.5 (11th Cir. 1983). A passenger in a private car, who has no possessory interest in the automobile, does not have a legitimate expectation of privacy in the interior of the automobile because he does not have the right to exclude others from the car. United States v. Lee, 586 F.3d 859, 864 (11th Cir. 2009). Glove compartments, trunks, and

the area under the seat are areas in which passengers would not normally have a legitimate expectation of privacy. Id. at 865.

Here, the district court did not err in denying Black's motion to suppress. For starters, Black did not have standing to challenge the September 9, 2016, search of the car he was borrowing, and, thus, could not have prevented the fraudulent credit cards within it from entering evidence. The record shows that, at most, Black was a passenger of the borrowed Infiniti; the Infiniti was registered in someone else's name, he did not pay to use it, and he could not exclude others from using it. Accordingly, Black did not have a possessory interest in the Infiniti, and, therefore, did not have a reasonable expectation of privacy in the vehicle's driver door's pocket where the fraudulent credit cards were found. Lee, 586 F.3d at 864-65. Moreover, because he did not have a reasonable expectation of privacy in the borrowed car, his discussion of other case law is without merit.

The district court was also correct to deny Black's motion to suppress other evidence seized on September 9. As the record reveals, on September 3, 2016, Officer Daniel Ford entered a "probable cause pickup order" ("PCP") for Black, based on Officer Ford's claims that he saw Black driving on a suspended license and that Black had fled to elude him after Black ran a stop sign and crashed a car. Six days later, on September 9, Officers John Simpkins and Jason Lambeth arrested Black while the PCP was still active after observing him exit from the borrowed

4

Infiniti in a parking lot.  Black claims that his warrantless arrest on September 9, 2016, pursuant to the PCP, was unreasonable under the Fourth Amendment and, thus, any evidence obtained through that arrest should be suppressed.

We are unpersuaded by Black's claims, however, because Officers Simpkins and Lambeth effectuated a lawful warrantless arrest in a public place.  As for Black's argument that Officers Simpkins and Lambeth should have obtained an arrest warrant before arresting him because they had time to do so, the Supreme Court rejected this argument in Watson.  See 423 U.S. at 423.  As for Black's argument that arresting him pursuant to a PCP was unreasonable, Black has overstated the role the PCP had in his arrest.  As the Supreme Court has made clear, the Fourth Amendment permits a warrantless arrest in a public place if law enforcement officers have probable cause to believe that a felony has occurred.  White, 526 U.S. at 565; Watson, 423 U.S. at 423-34.  Further, where, as here, officers have "maintained at least a minimal level of communication during their investigation," we may examine the collective knowledge of law enforcement.  See Willis, 759 F.2d at 1494.  Based on the collective knowledge the officers shared through the PCP, which served as a communication between Officer Ford and Officers Simpkins and Lambeth, it is indisputable that the latter two had probable cause to believe that Black had committed a felony and, thus, to lawfully arrest Black in a public place.  The PCP was not used as means to arrest Black within his home or take other action

5

permissible only through a warrant.  <u>See</u> <u>Coolidge</u>, 403 U.S. at 474-75.  Accordingly,

we affirm.

**AFFIRMED**.